IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LISA BROADWAY, § § Plaintiff, § § v. § § BRIANNE BREWER and SAFECO § INSURANCE COMPANY OF INDIANA, § § Defendants. § | CASE NO. 4:08CV475 |

## MEMORANDUM OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION TO REMAND

Plaintiff has filed a motion to remand (Dkt. 20). Having considered the motion and Defendant's response, this Court is of the opinion that Plaintiff's motion should be DENIED.

### BACKGROUND

This case involves two consolidated cases removed to the United States District Court for the Northern District of Texas and then transferred here. Lisa Broadway previously filed an action against Defendant SAFECO Insurance Company of Indiana alone in the 160th Judicial District Court, Dallas County, Texas under cause number 08-08436. That lawsuit was filed July 25, 2008 and removed to the United States District Court for the Northern District of Texas on September 9, 2008.

After the first case was removed, Broadway filed a second action in state court against both SAFECO Insurance Company of Indiana and Brianne Brewer, the SAFECO agent handling her claim. SAFECO Insurance Company of Indiana received a copy of the initial process setting forth a claim for relief on November 14, 2008. Brianne Brewer received a copy of the initial process setting forth a claim for relief on November 19, 2008. On December 10, 2008, Defendants removed

1

the second case to the United States District Court for the Northern District of Texas and moved for consolidation of that action with the earlier removed federal action.

On December 12, 2008, the Honorable Ed Kinkaid, United States District Judge for the Northern District of Texas, consolidated the two causes. On that same day, he signed an order transferring this matter to the United States District Court for the Eastern District of Texas, Sherman Division. Plaintiff now seeks remand.

## STANDARD

A court may remand a case on the basis of any valid defect identified in a motion to remand as long as it is made within 30 days of removal, and a court is required to strictly construe the removal statute in favor of remand and against removal. 28 U.S.C. §1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). In this case, Defendants removed on the basis of diversity jurisdiction. Suits are removed on the basis of diversity jurisdiction "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).

Here, Plaintiff argues that both she and Defendant Brewer are Texas residents and that there is therefore no diversity jurisdiction and the case must be remanded. Defendants claim that Defendant Brewer was improperly joined to defeat diversity jurisdiction. To establish that a non-diverse defendant has been improperly joined, the removing party must prove (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse party in state court. *Rico v. Flores*, 481 F.3d 234, 238-39 (5th Cir. 2007); *Holder v. Abbott Labs., Inc.*, 444 F.3d 383, 387 (5th Cir. 2006).

Here, because there has been no claim that Plaintiff fraudulently pleaded jurisdictional facts, the Court must focus on the second prong. The test established for this prong is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In making this determination, the district court must resolve any contested issues of material fact and any uncertainties in the controlling state law in the plaintiff's favor. *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir. 1999). The possibility of imposing liability must be reasonable, however, and not merely theoretical. *Smallwood,* 385 F.3d 568, 573 n. 9 (5th Cir. 2004); *Great Plains Trust Co. v. Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).

When determining whether remand is appropriate, the court may utilize a summary judgment-type procedure allowing it to pierce the pleadings and examine affidavits for evidence that the plaintiff can state a claim under state law against a non-diverse defendant. *Griggs,* 181 F.3d at 700. Post-removal filings may not be considered, however, if they present new causes of action or theories not raised in the state court petition. *Id.* (citing *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 263 (5th Cir. 1995)).

## ANALYSIS

Here, Plaintiff seeks remand because Brewer is a Texas resident. Defendants argue Brewer was improperly joined in Plaintiff's suit in order to defeat diversity jurisdiction. "[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the

3

plaintiffs' allegations and the pleaded theory of recovery." *Griggs,* 181 F.3d at 701.

This suit involves Plaintiff's purchase of a homeowner's insurance policy from Defendant SAFECO. Defendant Brewer was the adjuster who apparently handled a subsequent investigation and denial of a claim by Plaintiff on the policy for roof damage sustained in a hail storm. The "Background" section of Plaintiff's Original Petition in cause number 08-14229 (filed prior to consolidation) makes the following allegations against Brewer:

> Brewer took over the handling of Broadway's claims and failed to properly investigate same engaging in a pretextual investigation. Brewer went so far as to use a notorious biased consultant to attempt to back up Brewer and Safeco's intent to deny Broadway's claim. Moreover, despite liability being reasonably clear, Brewer denied Broadway's claim. Brewer and Safeco admitted Broadway's roof sustained hail damage. *See* Dkt. 20-2.

The petition continues by asserting claims of violation of Sections 541.051, 541,060 and 541.061 of the Texas Insurance Code and sections of the Texas Deceptive Trade Practices Act against "Both Defendants."[1] In this portion of the petition, there is no mention of Defendant Brewer specifically or any allegations as to any conduct by her under any of the causes of action.

This Court agrees that Plaintiff's state court petition does not, on its face, allege facts supporting an independent cause of action against agent Brewer.

Texas law clearly authorizes Article 21.21 actions against insurance adjusters in their individual capacities and may even permit individual DTPA claims against them individually. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007). However, such liability is not automatic. The Fifth Circuit has firmly held that "there is no reasonable possibility that Texas would allow recovery under Article 21.21 (or the Texas Deceptive Trade Practices Act (DPTA))

---

[1]Plaintiff also brings claims of breach of contract, violation of Section 542.051 of the Texas Insurance Code, and equitable estoppel against SAFECO individually.

against an insurance company employee, who in the course of his employment engages in business of insurance, in the absence of evidence sufficient to sustain a finding that that employee himself committed a violation of Article 21.21 (or the DPTA) (and that such violation was a cause of damage or legally recognized harm to the plaintiff)." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544-45 (5th Cir. 2004). The Fifth Circuit has extended such reasoning to adjusters, like Brewer here. *See id.*

Here, Plaintiff's petition merely alleges that "Defendants" made misrepresentations in violation of the DTPA and the Texas Insurance Code, but Plaintiff never identifies a single statement or specific misrepresentation made by Brewer. Plaintiff's "specific" allegations are essentially a verbatim recital of the statutory provisions of the Texas Deceptive Trade Practices Act or Insurance Code. The only paragraph containing allegations specific to Brewer is the "Background" portion which does not support a cause of action or specify what material facts are attributable to Brewer specifically or support any cause of action in particular. As recently noted by a sister court in this district, "a near-verbatim recitation of portions of unfair settlement practices specified in the Texas Insurance Code does not create a colorable claim against an adjuster-defendant unless coupled with facts indicating the adjuster's individual role in the alleged events." *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.,* 2008 WL 4533729, 3 (E.D. Tex. 2008) (citing *Killion v. Allstate Texas Lloyds*, 2004 WL 612843, at *5 (S.D. Tex. Feb.25, 2004)).

The Court further finds that, contrary to Plaintiff's assertions, the Fifth Circuit's holding in *Smallwood* is not applicable here. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568 (5th Cir. 2004). In that case, the only showing made by the diverse defendant that the in-state defendant had been improperly joined was based on fact that the plaintiff's state law claims against the in-state defendant

5

were allegedly preempted by federal law. The court held that remand was appropriate because the grounds for removal based on improper joined equally disposed of plaintiff's state law claims against the diverse defendant. The *Smallwood* decision is a limited holding that does not apply to this case. *See Wingate v. Air Prods. Inc.*, 166 Fed. Appx. 98, 101 (5th Cir. 2006). Indeed, the *Smallwood* court limited its own holding by stating:

> But our holding today is narrow. It applies only in that limited range of cases where the allegation of improper joinder rests only on a showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant and that showing is ***equally dispositive of all defendants.***

*Id.* at 576 (emphasis added). In the present case, taking all the facts in the two state court petitions as true and viewing them in the light most favorable to Plaintiff, the facts alleged demonstrate a possibility of recovering against SAFECO under at least one of the causes of action asserted, and Plaintiff has asserted claims against SAFECO that she does not bring against Brewer. Therefore, the basis for alleging improper joinder is not equally dispositive of all defendants. Because "the principle in *Smallwood* is triggered only when *all defendants* are reached," *Smallwood* is therefore not instructive on these facts. *Rainwater v. Lamar Life Ins. Co.*, 391 F.3d 636, 638 (5th Cir. 2004) (emphasis added); *see also Wingate v. Air Prods. Inc.*, 166 Fed. Appx. 98, 101 (5th Cir. 2006).

Further, even when the Court pierces the pleadings and examines the evidence presented by Plaintiff to see whether she can state a claim under state law against Brewer, the Court finds Plaintiff falls short. None of the photos or internal claims handling notes submitted by Plaintiff evidence any affirmative misrepresentations made to her by Brewer (and the Court notes that there is no evidence or allegation that Plaintiff ever saw the internal claims notes prior to this litigation, such that reliance

has not been alleged). The affidavit attached to Plaintiff's motion also does not present sufficient actionable facts. According to that affidavit, Plaintiff spoke to Brewer about her claim and Brewer denied Plaintiff's hail damage. Those facts are not disputed and are also, alone, not actionable. Plaintiff continues by stating:

> Specifically, on July 11, 2008, I spoke with Ms. Brewer on the telephone concerning my claim. She told me she was denying my claim because of the report she received from Haag Engineering. Prior to that telephone conversation, she previously denied my hail damage claim....It was Ms. Brewer who told me that she was hiring someone to look at my roof for hail damage.

*See* Dkt. 20-20 at 4. Plaintiff has not stated how these alleged statements by Brewer were false or misleading or constituted unfair settlement practices that would be actionable under Texas law.

Further, Plaintiff's remand motion also argues that Brewer used a "notoriously" biased consultant to back up the denial of Broadway's claim, but offers no evidence in support of that argument, nor does it demonstrate how such a claim subjects Brewer to individual liability. Here, the record "contains no proper summary judgment type evidence that [the house inspector] was incompetent, dishonest, biased or 'result oriented,' nor that any such characteristic of [the house inspector] was or should have been known to [the adjuster]; nor does [Plaintiff] point us to anything in the record which she contends constitutes any such evidence." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 (5th Cir. 2004). The fact that Brewer was the employee who denied Plaintiff's claim does not in and of itself state an individual claim against her.

Thus, the Court finds that, even though adjusters can be personally liable for their own acts, Plaintiff's allegations here about Brewer fall short of being actionable under Texas law. The petition as filed in state court controls the Court's inquiry. *See Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir.1995); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th

7

Cir.1999) (stating that the court must determine if there could possibly be liability "on the pleaded claims in state court."). Because Plaintiff's pleadings here are not enough to state any actionable claims against Brewer, the motion to remand must therefore be DENIED.

Because there is no valid basis to remand this cause, Plaintiff's request for attorney's fees under 28 U.S.C. § 1447(c) is likewise DENIED.

Further, the Court notes that the removal and consolidation of this matter makes for a disorderly record and unclear pleadings. While the Federal Rules of Civil Procedure do not require parties to replead following removal, in the interest of efficient management of its docket, the Court ORDERS the parties to replead in accordance with the findings in this Order and to comply with the heightened pleading requirements under the Federal Rules of Civil Procedure, including Rules 8(b) and 9, and the Court's Local Rules. Plaintiff's amended complaint is due *on or before June 5, 2009.* The amended answer is due twenty (20) days from receipt of the amended complaint.

**SO ORDERED.**

**SIGNED this 20th day of May, 2009.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE